# United States District Court
# District of South Carolina

| | |
|---|---|
| Bishop Ruben Dwayne Taylor; )<br> )<br> Plaintiff; )<br> )<br>vs. )<br> )<br>The United States; The State of South Carolina; The South )<br>Carolina Bar Association; Willie H. Womble, Jr., Bar )<br>Member; Dick Dyer and Associates, Inc.; Jim Hodges, Bar )<br>Member; Glenn McConnell, Bar Member; C. Havird Jones, )<br>Bar Member; Michael Wren, Bar Member; Michael H. )<br>Quinn, Bar Member; John E. Cuttino, Bar Member; John L. )<br>Breeden, Jr., Bar Member; Joseph M. Strickland, Bar )<br>Member; John C. Hayes, III, Bar Member; Principal )<br>Residential Mortg. Inc.; Leonard Jordan, Jr., Bar Member; )<br>Beverly Finkel, Bar Member; Daniel M. Dickert, Bar )<br>Member; Thomas A. Shook, Bar Member; L. Casey )<br>Manning, Bar Member; James R. Barber, III, Bar Member; )<br>J. Ernest Kinard, Jr., Bar Member; Alison R. Lee, Bar )<br>Member; Reginald I. Lloyd, Bar Member; Richland )<br>County, Inc.; Cornelia S. Pasky, Past Tax Collector; David )<br>Adams, Present Tax Collector; Bradley T. Farrar, Bar )<br>Member; William H. Davidson, Bar Member; John G. )<br>Norris, No Oath of Office; Barbara A. Scott, No Oath of )<br>Office; First Citizens Bank & Trust Co.; Checher LLC; )<br>Jane Downey, Bar Member; Stanley H. McGuffin, Bar )<br>Member; Blanchard Machinery Co.; Joey R. Floyd, Bar )<br>Member; City of Columbia; SCE&G; and Bell South; )<br> )<br> Defendants. )<br> ) | C/A No. 3:05-1113-CMC-JRM<br><br>**Report and Recommendation**<br><br>**for Summary Dismissal** |

 The Plaintiff, Ruben Dwayne Taylor (hereafter, the "Plaintiff"), brought this *pro se* action seeking to recover damages, alternatively, on a claim that his civil rights have been violated and/or on the basis of the Racketeer Influenced and Corruption Organizations (RICO) Act. The Plaintiff has also applied in this action to proceed without payment of filing fees under 28 U.S.C. § 1915. Pursuant to the provisions of Title 28 United States Code §636(b)(1)(B), and

1

Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v.

Kyle, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless.  Denton v. Hernandez, supra.   In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

## BACKGROUND

The Complaint in this action is substantially the same as that filed in Taylor v. Womble, et al., 3:03-3469-CMC-JRM (D.S.C. 2003).  That case ended on February 7, 2005, with judgment entered against the Plaintiff without issuance or service of process.  The Plaintiff did not file any appeal from the dismissal, and the judgment has now become final.

The Plaintiff complains of various South Carolina state court foreclosures and debt-collection proceedings.  He seems to allege that in these cases he was denied jury trials and also denied representation by a non-lawyer.  Alternatively, he suggests that all the Defendants have conspired to transform South Carolina state courts into corrupt organizations.

More than twenty of the Defendants in this action are named as members of the South Carolina Bar.  Four of the twenty lawyers were parties defendant in the prior case.  Most of them represented opposing parties in the state court actions.  The Plaintiff also names South Carolina judges, former Governor Hodges and State Senator McConnell as attorneys.  The incumbent Richland County Treasurer, together with his predecessor, are sued.  The remaining parties include various creditors in the state court proceedings

The Plaintiff's pleading is difficult to construe.  His description of fourteen (14) previous cases is fairly straightforward.  That recitation, however, is then obscured by passages such as the following:

3

**Evidenced FRCVP Rule 17(b)**
**Facts of Treaties**

The Bishop is a Black Washitaw Indian, indigenous to the Land and naturally domiciled in the Far East Terra; (aka S.C. overlay) of the Washitaw de Dugdahmoundyah Empire, with unalienable God given rights, by Treaties and Grants: Empire Washitaw de Dugdahmoundyah; U.S. Land Grant No. 923 [Certificate: June 14, 1797; Plan No. 1516; Registered No. 3, April 12, 1802]

**A CESTUI QUI TRUST-INDENTURE BETWEEN SOVEREIGN PRIVATE PARTIES**
1) The Marquis de Maison Rouge/The Baron Bastrop "Spanish/Moorish" Land Grant #923; 2) The Fontainbleau Treaty of an Il-defonso I [November 3, 1762: via The Louisiana Dauphin and heir to the de Bourbon (Deleware[sic]-Muur) Washitaw-Tunica estate, nun pro tunc (1682-1713)]; 3) Treaty of Utrecht: France, April 11, 1713; and Spain, December 9, 1713; 4) The DeBourbon Compact, August 15, 1761; and Treaty of San Lorenzo, November 17, 1762; 5) King George III: The British Royal Proclamation [October 7, 1763: via The British Quebec Act of 1774; and the U.S.A. Northwest Ordinance [1 Stat. 50, July 13, 1787]. In regards to Spanish Moorish Louisiana: 6) Treaties for Cession of Louisiana [April 13, 1803, and April 30, 1803; and U.S. Congressional Acts: 1817, February 10: Act #253; 1920, December 12: Act #325; 1821, January 22: Act #329]; 7) U.S. Supreme Court Judicial Affirmation [Nos. 31 & 191, June 19 & 20, 1848] of the de Bourbon Tunica/Turner estate [Indigenous Land Claim, U.S. Grant No. 923]; 8) The Charter of 1945: United States, Artical [sic] 75 through 85, via Officer of Special Trustee, 1994 Bureau of Indian Affairs, 1824, U.S. Department of Interior. The corpus of the Trust/Grant is perpetual with the duration of the United States of America; and Units of Beneficial Interest [UBI's] or Monetary Certificates are therefore issued to members of the Sovereign Washitaw nation of Muurs via Certified Draft or Negotiable Bill of Exchange, to Wit: The Bishop gave proper notice that he was a bone [sic] fide member of the body of Christ, i.e., "the Church," and he has never participated (voted) in any elections within these united states [sic] corporations, thus, being in this world but not of this world, was devoid of representation under law, being under grace. The Bishop was not ever required to pay tribute or taxes being domiciled in the New Jerusalem of our Lord. Revelations Chapter 21 and 22. (See St. Mathews [sic] Chapter 17, Verses 24 through 27 on taxes.) (See Corporate Statement FRCVP 26.1 attached) Was this rule of right determined abridged?

Rule 8(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides the following

guidance with respect to complaints (and other affirmative claims):

Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Disregard for Fed. R. Civ. P. 8(a) can result in dismissal with prejudice.  See Michaelis v. Nebraska State Bar Association, 717 F. 2d 437 (8th Cir. 1983).  In Brown v. Califano, 75 F.R. D. 497, 499 (D.D.C. 1977), the Honorable John Sirica, United States District Judge for the District of Columbia, offered the following assessment of a complaint in dismissing an action with prejudice:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies.  The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments.  Nor has the plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains.  It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R. Civ. P. 8(a).

A careful review has been made of the Complaint in search of any meritorious claim upon which this Court might grant relief that was not decided adversely in the Plaintiff's prior action.  In the end, none have been found.

### *RES JUDICATA* BARS THIS ACTION

Over one hundred and twenty five years ago, the United States Supreme Court summarized the doctrine of *res judicata* declaring that a final judgment becomes:

> ...a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Cromwell v. County of Sac, 94 U.S. 351 (1876).  The Supreme Court restated this same definition in the 1983 case of Nevada v. United States, 463 U.S. 110 (1983).  The judicial policies of economy, finality, and comity, which among others are served by the doctrine of *res judicata*, require no further exposition in this Report.  They are well settled in American jurisprudence.

The Fourth Circuit has on many occasions affirmed the elements governing prior adjudication: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.  <u>Andrews v. Daw</u>, 201 F. 3d 521 (4th Cir. 2000); <u>Jones v. SEC</u>, 115 F. 3d 1173 (4th Cir. 19970; <u>Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough</u>, 81 F. 3d 1310 (4th Cir. 1996); <u>Young-Henderson v. Spartanburg Area Mental Health Center</u>, 945 F. 770 (4th Cir. 1991); <u>Keith v. Aldridge</u>, 900 F. 2d 736 (4th Cir.1990).

Preclusion by way of collateral estoppel must also be considered in this context, since there is not the complete identity of parties required by *res judicata*.  <u>Montana v. United States</u>, 440 U.S. 147 (1979). Collateral estoppel – as <u>claim preclusion</u> – applies when the same cause of action is brought in later litigation.  This doctrine precludes assertion of any claim that was actually adjudicated or that might have been presented.  <u>Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough</u>, 81 F. 3d 1310 (4th Cir. 1996).

Both these doctrines bar the Plaintiff from: (1) renewing the claims made in his prior action against the defendants named therein; and (2) making his prior claims against the new Defendants.  In <u>Taylor v. Womble, et al.</u>, <u>supra</u>, the Plaintiff's claims against South Carolina state court judges were dismissed on the basis of their judicial immunity.  Quasi-judicial immunity was applied to bar suits against such officials as the Richland County Clerk of Court. Members of the South Carolina General Assembly, as well as the Governor of South Carolina, were held immune from suit in the exercise of their official duties.  Actions to collect taxes and other court decisions were found not to be subject to review in this Court under the <u>Rooker-

Feldman doctrine.[1]  Finally, it was held that the various private actors, such as banks and automobile repair firms – including the attorneys named as defendants – were not amenable to suit in this court because their alleged conduct did not occur under color of state law.  None of these legal principles have changed since the dismissal of Taylor v. Womble, et al, supra, two months ago.

The Plaintiff has moved this Court for leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  The decision to permit a proceeding under 28 U.S.C. §1915 rests in the sound discretion of the District Court.  The Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915.  Graham v. Riddle, 554 F. 2d 133 (4th Cir. 1977).  This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked."  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).  "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  Ellis v. United States, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980).  See also Liles v. South Carolina Dept. of Corrections, 414 F.2d 612, 613 (4th Cir 1969); U. S. v. Gregg, 393 F.2d 722, 723 (4th Cir.1968).

The Plaintiff's Affidavit is incomplete, lacking the second page and any signature.  Although this defect could be cured, such action would be futile.  Under Ellis, "good faith" allows only for the presentation of issues that are not plainly frivolous.  This action is plainly duplicative of Taylor v. Womble, supra, and is barred by *res judicata*.  Two United States Circuit Courts of Appeal have affirmed the authority of district courts to dismiss duplicative cases as

---

[1] - This doctrine derives from two U.S. Supreme Court cases, Rooker v. Fidelity Trust Co, 263 U.S. 413, 66 L. Ed. 362, 44 S. Ct. 149 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983).  See Allstate Insurance Company v. West Virginia State Bar, 233 F. 3d 813 (4th Cir. 2000) for recent application of the doctrine in the Fourth Circuit.

"frivolous" under the provisions of (former) 28 U.S.C. § 1915(d), now codified as 28 U.S.C. § 1915(e)(2).  See Aziz v. Burrows, 976 F. 2d 1159 (8th Cir. 1988); Bailey v. Johnson, 846 F. 2d 1019 (5th Cir. 1988).[2]  Therefore, it is recommended that the Plaintiff's Motion to proceed *in forma pauperis* be denied.

## RECOMMENDATION

It is therefore recommended that the within Complaint be dismissed without prejudice or, in the alternative, that the Plaintiff's application to proceed *in forma pauperis* be denied.  The Plaintiff's attention is directed to the Notice on the following page.

 Respectfully Submitted,

 s/Joseph R. McCrorey
 United States Magistrate Judge

April 19, 2005
Columbia, South Carolina

---

[2] – The United States Court of Appeals for the Fourth Circuit has cited Aziz with approval in an unpublished opinion, Cottle v. Bell, 229 F. 3d 1142 (4th Cir. 2000), 2000WL 1144623 (4th Cir. (N.C.)).

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

9