IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bishop Ruben DeWayne Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 3:05-1113-CMC-JRM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The United States; The State of South Carolina; The South Carolina Bar Association; Willie H. Womble, Jr., Bar Member; Dick Dyer and Associates, Inc.; Jim Hodges, Bar Member; Glenn McConnell, Bar Member; C. Havird Jones, Bar Member; Michael Wren, Bar Member; Michael H. Quinn, Bar Member; John E. Cuttino, Bar Member; John L. Breeden, Jr., Bar Member; Joseph M. Strickland, Bar Member; John C. Hayes, III, Bar Member; Principal Residential Mortgage, Inc.; Leonard Jordan, Jr., Bar Member; Beverly Finkel, Bar Member; Daniel M. Dickert, Bar Member; Thomas A. Shook, Bar Member; L. Casey Manning, Bar Member; James R. Barber, III, Bar Member; J. Ernest Kinard, Jr., Bar Member; Alison R. Lee, Bar Member; Reginald I. Lloyd, Bar Member; Richland County, Inc.; Cornelia S. Pasky, Past Tax Collector; David Adams, Present Tax Collector; Bradley T. Farrar, Bar Member; William H. Davidson, Bar Member; John G. Norris, No Oath of Office; Barbara A. Scott, No Oath of Office; First Citizens Bank & Trust Co.; Checher LLC; Jane Downey, Bar Member; Stanley H. McGuffin, Bar Member; Blanchard Machinery Co.; Joey R. Floyd, Bar Member; City of Columbia; SCE&G; and Bell South, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This action was brought by a *pro se* plaintiff who is attempting to assert a variety of causes

of action against both individuals and corporate entities. It appears from Plaintiff's complaint that he seeks substantially the same relief he sought in Civil Action 3:03-3469-CMC-JRM, which was dismissed by this court on February 4, 2005. Because Plaintiff is proceeding *pro se*, this matter was referred to Magistrate Judge Joseph R. McCrorey, Jr. pursuant to this court's order of reference, 28 28 U.S.C. § 636 (b), 28 U.S.C. § 1915, and Local Rule 73.02(B)(2)(b) and (e) (D.S.C.) for a Report and Recommendation.[1] Based on his review of the record, the Magistrate Judge has recommended summary dismissal of Plaintiff's complaint without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation. Plaintiff filed Objections to the Report and Recommendation on April 26, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff has not raised any objections which can be construed as anything except reiteration of his primary complaint. After reviewing the complaint, the Report and Recommendation of the Magistrate Judge, and Plaintiff's reply to the Report and Recommendation, the court agrees with the recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation of the

---

[1] Regardless of Plaintiff's protestations to the contrary, Plaintiff's consent is not required for this court to refer matters to the United States Magistrate Judges of this district for non-dispositive pretrial matters.

Magistrate Judge is accepted to the extent it recommends summary dismissal. The court declines to adopt the portions of the Report regarding res judicata and collateral estoppel as the summary dismissal of the prior action was not on the merits.

Plaintiff's continued efforts to find redress of alleged wrongs occurring in the state court system of South Carolina are not cognizable in this court. This court cannot say this any more plainly.

IT IS HEREBY ORDERED that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 4, 2005

C:\temp\notesB0AA3C\05-1113 Taylor v. US e adopt rr dism wo svc wo prejudice.wpd